UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60038-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

MICHAEL ABARCA ESPINALES,
a/k/a "Michael Abarca,"

        Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida and **MICHAEL ABARCA ESPINALES**, a/k/a "Michael Abarca," (hereinafter the "defendant") enter into the following agreement.

1. The defendant agrees to plead guilty to the following counts charged within the Indictment:

    (COUNT 1) Possession of a firearm by a prohibited person – unlawful alien, in violation of Title 18, United States Code, Section 922(g)(5)(a) and

    (COUNT 2) Smuggling goods from the United States, in violation of Title 18, United States Code, Section 554.

2. In exchange for the defendant's guilty plea, the United States shall recommend the dismissal of (COUNT 3) Failure to notify a common carrier of shipped firearms.

3. The defendant is aware that his sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines

will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. As to COUNT ONE (1) and COUNT TWO (2) of the Indictment, the defendant understands and acknowledges that by pleading guilty he is subject to a maximum sentence of up to ten (10) years in prison as to each count individually. In addition, the Court may impose a fine of up to $250,000 as to each count and a term of supervised release of up to three (3) years.

5. The defendant further understands and acknowledges that, pursuant to Title 18, United States Code, Section 3584, the Court may impose a consecutive sentence of imprisonment as to COUNT ONE (1) and COUNT TWO (2) resulting in a combined maximum sentence of up to twenty (20) years in prison and a total combined fine of up to $500,000.

6. The defendant further understands and acknowledges that, in addition to any

sentence imposed pursuant to this agreement, a special assessment in the amount of $100.00 will be imposed as to each Count, for a total amount of $200.00. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to the government and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

7. The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. The defendant understands and acknowledges that all relevant information concerning the offenses committed shall include evidence of additional firearms not charged in the Indictment, but that were possessed by the defendant and smuggled from the United States to another county by the defendant and others in 2021. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

8. The United States and the defendant agree, although not binding on the Court or Probation, that an aggravating role enhancement under U.S.S.G. § 3B1 does not apply to this defendant.

9. The United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the

3

defendant's offense level is determined to be 16 or greater, the government will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. The United States, however, will not be required to make this motion or these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The defendant is aware that his sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph three (3) above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the

government, or a recommendation made jointly by both the defendant and the government.

11. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any firearm or ammunition involved in or used in the commission of the offense(s), in violation of 18 U.S.C. § 924(c), or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1).

12. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

13. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

14. This is the entire agreement and understanding between the United States and the

defendant.   There are no other agreements, promises, representations, or understandings.

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 4/12/23      By: _____
ADAM C. McMICHAEL,
ASSISTANT UNITED STATES ATTORNEY

Date: 4/12/23      By: _____
JAY WHITE,
ATTORNEY FOR THE DEFENDANT

Date: 4/12/23      By: _____
MICHAEL ABARCA ESPINALES,
DEFENDANT

Staff Interpreter
MARIN CISSE
4/12/2023

6